*56 OPINION.
Smith:
Section 200 of the Revenue Act of 1918 defines the term personal service corporation as follows:
The term “ personal service corporation ” means a corporation whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselyes regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor; but does not include any foreign corporation, nor any corporation 50 per centum or more of whose gross income consists either (1) of gains, profits, or income derived from trading as a principal, or (2) of gains, profits, commissions, or other income, derived from a Government contract or contracts made between April 6, 1917, and November 11, 1918, both dates inclusive.
Inasmuch as the taxpayer is not a foreign corporation, nor one in which as much as 50 per cent of its gross income consisted of trading as a principal, and did not derive income from a Government contract, it is necessary to consider, so far as the year 1919 is concerned, only—
*57 (1) Whether it was a corporation whose income is to be ascribed primarily to the activities of the principal owners or stockholders;
(2) Whether such owners or stockholders were themselves regularly engaged in the active conduct of the affairs of the corporation ; and
(3) Whether it was one in which capital, whether invested or borrowed, was a material income-producing factor.
From the findings of fact it appears that 60 per cent of the total gross income of the corporation was received as charges for instruction personally given by two stockholders and that those stockholders supervised and participated in the instruction from which an additional 30 per cent of the total gross income of the corporation was derived. It further appears that the two principal stockholders were actively engaged in the conduct of the affairs of the corporation and had no other business. It also appears that the swimming pools operated by the taxpayer were operated under lease; and that the investment of the taxpayer was only in equipment necessary for the operation of two swimming pools.
The Board is clearly of the opinion that this corporation meets all the essential requirements of a personal service corporation. The evidence shows that 60 per cent of the total gross income is aseribable directly to personal services performed by the two stockholders and that practically all of the income is to be ascribed either directly or indirectly to their efforts. The stockholders were engaged in the active conduct of the affairs of the corporation. The capital employed was not large. The taxpayer did not own the buildings in which its business was carried on. In the opinion of the Board capital can not be regarded as a material income-producing factor.